**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | |
|---|---|
| Appeal of William Maltais | } |
| | } |
| | }    Docket No. 250-11-02 Vtec |
| | } |
| | } |

Decision and Order

Appellant William Maltais appealed from a decision of the Development Review Board (DRB) of the Town of Salisbury, denying his application to place a travel trailer on his property under ' 512 of the Zoning Regulations.

Appellant appeared and represented himself; the Town of Salisbury is represented by Donald R. Powers, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, after which the parties made oral arguments on the record. Upon consideration of the evidence and the parties= arguments, the Court finds and concludes as follows.

Appellant owns a three-acre parcel of land on West Shore Road, which contains three pre-existing residential cottages. He purchased the property in approximately 1999. It is not a Planned Residential Development or Planned Unit Development under ' ' 518 or 519 of the Zoning Regulations. He sold red oaks growing on the property, and had them logged off and the stumps pulled, which resulted in a leveled area of land on the property.

George and Jeanne Keough are Appellant= s friends and used to be his neighbors. They are of retirement age and live most of the year in Everett, Massachusetts. In December of 2001 they purchased a used 34'-long travel trailer, equipped with holding tanks for wastewater.

Appellant has allowed them to park the travel trailer on his land. They use it from the late spring through early fall, two or three days a week. It is not connected to water supply or sewage disposal, and therefore does not fall within the definitions of A seasonal dwelling@ or A permanent (year-round) dwelling@ as those terms are defined in the Zoning Regulations. It receives water from a garden hose from Appellant= s water supply. Periodically, the Keoughs dispose of the wastewater from the holding tanks at a nearby campground.

In April or May of 2002 the travel trailer was moved to its present location on the property, and leveled on concrete blocks. In 2002, Mr. Keough constructed a 12-foot-wide deck on concrete pier footings, extending the length of the trailer. The deck is not permanently affixed to the land, that is, it rests on the footings, but does fall within the definition of A structure@ in the Zoning Regulations. It is too large a structure (12' x 34' (360 square feet) with railings on three sides and a set of steps on one side) to be exempt from the zoning permit requirements of ' 360. In the 2002

season the Keoughs used the travel trailer at most six times, three to six consecutive days each time, less than a total of thirty days in the year.

Section 511 of the Zoning Regulations allows only one residence per lot, except for Planned Residential Developments or Planned Unit Developments. Because of this section, Appellant=s property with three residences is a nonconforming use, which may be continued indefinitely under '512 but which is not to be extended or enlarged without approval by the now-DRB under '512(d), requiring a finding that the enlargement does not create a greater nuisance or detriment, is consistent with the Town Plan, and is in conformity with the dimensional and general regulations in the district. Even if the trailer could be parked on the property under '516(3), the construction of the deck requires approval under this section.

Section 516 prohibits the parking of a camper on the property, as it is neither an approved camper lot not an approved camper sales lot, unless '516(3) is met. That section provides in full that:

The owner of a camper, or his/her invitee, may park a camper on his/her own property, in the rear or side yards, provided that the camper is parked behind the front face of the principal building (unless site conditions prohibit such parking) and no closer than six (6) feet to any lot line. A camper so parked will not be occupied more than thirty consecutive[1] days in one (1) calendar year.

This section by its plain language is not applicable to this appeal, because it only applies to the property of the owner of the camper, not to the owner of property who invites someone with a camper to park on his property. However, the Town=s administrative officer stated in his July 13, 2002 notice to Appellant, which was not appealed, that the parking of the camper on the property without charge and limited to occupancy during 30 or fewer days a year is allowed under '516(3). However, it must be parked behind the front face of the principal building (one of the three cottages) and does not appear to be so parked at the present time (see diagram attached to application).

Under '512, even if the camper can remain on the lot not connected to any water supply or sewage disposal and occupied less than 30 days in a year the addition of the deck is an enlargement to the preexisting non-conforming use of the lot for three residences with the camper. The addition of the deck creates a greater detriment on the property than simply the parking of the camper, that is, it makes the property as a whole more non-conforming than it was before, as the deck is not accessory to one of the preexisting cottages. Moreover, the deck is not in conformity with the general regulations in the district, which preclude more than one residence (and its accessory structures) per lot.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the camper may remain on Appellant=s property if it is parked behind the face of the principal building on the property and if it is occupied fewer than 30 consecutive days a year (or, if the proposed amendment discussed at trial (see footnote 1) is in effect, for fewer than a total of 30 days in any calendar year), and if it remains capable of being moved (e.g., simply by replacement of the wheels). The deck, however, is not approved.

Dated at Barre, Vermont, this 7th day of May, 2003.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

1.    A change or proposed change in the zoning regulations changed this to a total of thirty days a year. However, the Keoughs have not exceeded the occupancy limits under either formulation, and, as discussed in this paragraph, §516 appears by its terms to be inapplicable.